IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | |
|---|---|
| COLIN WILLIAM SMITH, | Cause No. CV-05-120-GF-SEH-CSO |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |
| ROOSEVELT COUNTY JAIL, JOHN GRAINGER, and CARL STENOS | |
| Defendants. | |

_____

This matter is before the Court on a Complaint filed pursuant to 42 U.S.C. § 1983. (Court's Doc. No. 1). Along with the Complaint, Plaintiff Colin Smith filed a Motion asking the Court to allow him to proceed in forma pauperis. (Court's Doc. No. 3).[1]

On July 26, 2006, this Court issued an Order temporarily granting Plaintiff Smith's Motion to Proceed In Forma Pauperis, and ordering Smith to amend his complaint and resubmit his motion to proceed in forma pauperis given that it appeared that he had been released from

---

[1] The Complaint also named Charles Scott Belts and Robert Green as Plaintiffs in this matter. By prior Order the Court indicated that it could not consider these individuals as Plaintiffs since they did not sign the complaint or file an application to proceed in forma pauperis or pay the required filing fee. The prior order was served upon Messrs. Belts and Green at an address indicated on the Montana Department of Corrections' website. Both of those mailings were returned as undeliverable. As in the Court's prior Order, any reference to Plaintiff in this case refers solely to Plaintiff Colin Smith.

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE TO DISMISS COMPLAINT / PAGE 1

jail. (Court's Doc. No. 5). On October 19, 2006, this Court issued a show cause order directing Smith to show cause, on or before November 3, 2006, why the case should not be dismissed for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). (Court's Doc. No. 9). The show cause order was sent to Smith at the Victorville Federal Correctional Complex after the Court was advised of Smith's location by his counsel in another pending matter. Smith did not respond to the Show Cause Order.

Given the procedural posture of this case and the fact that Plaintiff Smith was incarcerated when he filed the action, released from custody and then reincarcerated, the Court will make permanent the prior Order temporarily granting Plaintiff Smith's Motion to Proceed In Forma Pauperis. Without an amendment (as allowed by the Court's July 26, 2006 Order), however, the Complaint fails to state a claim upon which relief may be granted.[2]

## DISCUSSION

The Eighth Amendment contains both an objective and a subjective component. A violation of the Eighth Amendment only occurs if (1) the alleged deprivation was objectively "sufficiently serious" to establish a constitutional violation, and (2) the defendant acted with a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 128 L. Ed. 2d 811, 823 (1994); see also Hudson v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156, 166

---

[2] The Court acknowledges that its prior Orders indicated that Plaintiff's complaint was subject to dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with a court order. The Court has determined that in light of Yourish v. California Amplifier, 191 F.3d 983, 986 n.4 (9th Cir. 1999), and Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (2004), it will review the merits of Plaintiff's claims as opposed to issuing a dismissal for failure to comply with the Court's Order to amend the complaint.

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE TO DISMISS COMPLAINT / PAGE 2

(1992); Wilson v. Seiter,  501 U.S. 294, 302-03, 111 S. Ct. 2321 (1991); Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000).

The same Eighth Amendment analysis as set forth above applies to general complaints about the conditions of confinement.  Wilson v. Seiter, 501 U.S. 294, 115 L. Ed. 2d 271 (1991); Keenan v. Hall, 83 F.3d 1083 (9th Cir. 1996).  "[C]onduct that does not purport to be punishment at all must involve more than ordinary lack of due care . . . .  It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause . . . ."  Whitley v. Albers, 475 U.S. 312, 319, 89 L. Ed. 2d 251 (1986)(citations and internal quotations omitted).  Mere negligence in creating an adverse condition of confinement is not sufficient for an Eighth Amendment claim.  Wilson, 115 L. Ed. 2d at 278.

"The [Eighth] Amendment embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency."  Estelle v. Gamble, 429 U.S. 97, 102 (1976) (citations and internal quotations omitted).

> No static 'test' can exist by which courts determine whether conditions of confinement are cruel and unusual, for the Eighth Amendment 'must draw its meaning from the evolving standards of decency that mark the progress of a maturing society.'

Rhodes v. Chapman, 452 U.S. 337, 346 (1981) (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958)).

But the Constitution "does not mandate comfortable prisons."  Rhodes v. Chapman, 452 U.S. 337, 349, 101 S. Ct. 2392, 2400, 69 L. Ed. 2d 59 (1981).  "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation."  Wilson v. Seiter, 115 L. Ed. 2d at 278-79 (quoting Rhodes, supra 452 U.S. at 347).  Prison conditions do not rise to the level of cruel and unusual

ORDER AND FINDINGS AND RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE TO DISMISS COMPLAINT / PAGE 3

punishment unless the conditions produce "the deprivation of a single, identifiable human need such as food, warmth, or exercise[.]" Wilson, 115 L. Ed. 2d at 283.

The existence of multiple adverse conditions is analyzed similarly. Some "related" conditions of confinement may in combination establish an Eighth Amendment violation ("but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need . . . ") when the conditions taken individually would not. Wilson, 115 L. Ed. 2d at 283. In Wilson, the Court specifically stated that several unrelated conditions which even taken together do not result in the deprivation of a human need would not be considered to be cruel and unusual punishment. Id.

The allegations in the Complaint do not rise to the level of an Eighth Amendment constitutional violation. There is no allegation that Plaintiff was deprived of the "minimal civilized measure[s] of life's necessities." Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). These allegations, without more, do not state a claim under the Eighth Amendment. See Hoptowit v. Ray, 682 F.2d 1237, 1249 (9th Cir. 1982).

The first claim is that Plaintiff was forced to sleep in a room that was only 7x6x8 with four people per cell. A plaintiff may state a cognizable Eighth Amendment claim if the overcrowding results in some unconstitutional condition. See Akao v. Shimoda, 832 F.2d 119, 120 (9th Cir. 1987) (per curiam). There is no such allegation in this case.

Similarly, Plaintiff's allegations regarding chipping paint, mold on the bathroom ceiling, a lack of hot water in the sink, and a lack of fresh air ventilation without more do not rise to the level necessary to establish an Eighth Amendment violation. Plaintiff has not alleged that any

such conditions injured Plaintiff or caused other problems for Plaintiff. While the condition may have been uncomfortable, that is insufficient to establish a constitutional violation.

Plaintiff also alleges that the food was prepared in an unsanitary manner in that no hairnets or gloves were used during food handling. Adequate food is a basic Eighth Amendment requirement. Toussaint v. McCarthy, 597 F.Supp. 1388, 1412 (N.D. Cal. 1984), *judgment aff'd in part, rev'd in part on other grounds*, 801 F.2d 1080 (9th Cir. 1986) (*citing* Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982); Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981). It is possible for a food service to be constitutionally deficient if food "is prepared under conditions so unsanitary as to make it unwholesome and a threat to the health of inmates who consume it." Toussaint, 597 F.Supp. at 1412; Leeds v. Watson, 630 F.2d 674, 676 (9th Cir. 1980), *cert. denied,* 449 U.S. 839 (1980).

Plaintiff's allegation that no hairnets or gloves were used during food handling does not rise to the level of a violation of the Eighth Amendment of the United States Constitution. The mere fact that no gloves were worn does not establish that the food itself was unsanitary. Plaintiff does not allege that Defendants interfered with essential nutritional requirements, such as serving inadequate and generally unsanitary food. The allegation that food handlers do not wear gloves or hair nets does not raise any triable issue.

Accordingly, the Court concludes that none of the conditions alleged by Plaintiff could be classified as having a "mutually enforcing effect." In addition, pursuant to the Prison Litigation Reform Act (PLRA), a prisoner may not bring a civil action for emotional or mental injury that he suffered while in custody without also showing a physical injury. 42 U.S.C. §§ 1997e(e);

Case 4:05-cv-00120-SEH   Document 10   Filed 12/05/06   Page 6 of 7

Oliver v. Keller, 289 F.3d 623, 630 (9th Cir. 2002). Plaintiff made no allegation that he suffered a physical injury as a result of defendants' actions.

Based upon the foregoing, the Court enters the following:

## ORDER

Plaintiff Colin Smith's Motion to Proceed In Forma Pauperis (Court's Doc. No. 3) is **GRANTED.**

Further, the Court enters the following:

## RECOMMENDATION

1. Plaintiff Colin Smith's Complaint should be **DISMISSED** for failure to state a claim upon which relief may be granted. It is further recommended that the Clerk of Court be directed to enter on the docket that this dismissal should count as one strike for purposes of 28 U.S.C. § 1915(e)(2)(B) based upon Plaintiff Smith's failure to state a claim upon which relief may be granted.

2. As no other Plaintiff has appeared in this matter, the case should be closed and judgment entered for Defendants.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

The Clerk of Court shall serve a copy of this Findings and Recommendation of the United States Magistrate Judge upon Plaintiffs. Plaintiffs are advised that pursuant to 28 U.S.C. § 636(b)(1), they have the right to file written objections to this Findings and Recommendation. Any objections to the Findings and Recommendation must be filed with the Clerk of Court

within twenty (20) days after the date this Findings and Recommendation is entered as indicated on the Notice of Electronic Filing, or objection is waived.

DATED this 5th day of December, 2006.

/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge